IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALISHA CHASE STRAIT, as
personal representative of the
estate of Peyton Chase Cleveland,

        Plaintiff,

v.                                     Case No.

MARK HUNTER, as sheriff of
Columbia County, Florida; and
JOHN DOE, an unknown individual
employed by the Columbia County
Sheriff's Office,

        Defendants.
_____/

## COMPLAINT

COMES NOW the plaintiff, Alisha Chase Strait, as personal representative of the estate of Peyton Chase Cleveland, and complains and alleges against the defendants as follows.

1.    Peyton Chase Cleveland was a pretrial detainee at the Columbia County Detention Facility in May 2021. During his detention, Cleveland was attacked and severely beaten by other inmates. Guards refused to intervene to protect Cleveland or to provide care after the beating. The guards explained that the jail was understaffed and they were accordingly not permitted to intervene to protect an inmate from attacks by other inmates.

1

Cleveland had a substance abuse problem, and his injuries from the beating foreseeably caused him to relapse into substance abuse.  Cleveland died of a drug overdose on June 25, 2021.  This is an action under 42 U.S.C. § 1983 against Sheriff Mark Hunter for failing to protect Cleveland against serious harm at the hands of other inmates, in violation of the Fourteenth Amendment to the United States Constitution.  Simultaneously with the filing of this complaint, the plaintiff has sent the notice required by section 768.28, Florida Statutes.  Such notice is a condition precedent to the filing of state-law claims against the sheriff.  After the sheriff has had ninety days to respond, as provided by section 768.28, the plaintiff intends to file a motion to supplement the complaint to add claims under state law.

## PARTIES

2.     The plaintiff is Alisha Chase Strait.  Strait is Cleveland's mother, and she has filed in the Circuit Court for Columbia County, Florida, a petition for appointment as personal representative of the estate of Cleveland.  Strait expects that court will appoint her the personal representative and issue letters of administration.

3.     Defendant Mark Hunter is—and was at all times material hereto—the sheriff of Columbia County, Florida.  Sheriff Hunter is sued in his official capacity.

4. As sheriff, Hunter was responsible for the development, promulgation, and implementation of the policies, practices, and customs of the Columbia County Detention Facility. Hunter was also responsible for the hiring, training, control and supervision of the personnel employed at the Columbia County Detention Facility.

5. Defendant John Doe was at all times material hereto an employee of Sheriff Hunter. John Doe's identity is unknown at this time, but it is expected to be revealed in discovery in this case. John Doe is sued in his personal and official capacity.

6. All defendants were acting within the course and scope of their employment and under color of law at all times material hereto.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States. This Court has supplemental subject matter jurisdiction over claims under state law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because defendant Hunter resides in this judicial district and all defendants are residents of Florida. Venue is also proper in this judicial

district pursuant to § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. In May 2021, the Columbia County Detention Facility was overcrowded and understaffed.

10. On information and belief, violence by inmates was common in the Columbia County Detention Facility in and before May 2021.

11. In May 2021, partly as a result of the Covid-19 pandemic, there was a substantial backlog of violent inmates who had already been sentenced to lengthy prison sentences waiting to be transferred from the Columbia County Detention Facility to prisons. On information and belief, some of these inmates had already been sentenced to life in prison.

12. These violent, already-sentenced inmates were housed together with nonviolent pretrial detainees.

13. The violent, already-sentenced inmates waiting to be transferred to prison were not segregated from the nonviolent pretrial detainees.

14. No effort was made to protect the nonviolent pretrial detainees from the violent, already-sentenced inmates waiting to be transferred to prison.

15. At all times relevant, the defendants knew that violent, already sentenced prisoners posed a substantial risk of serious harm to nonviolent pretrial detainees.

16. At all times relevant, the defendants knew that violent prisoners already sentenced to terms of life posed an especially serious risk of committing violence against nonviolent pretrial detainees because such already-sentenced prisoners felt they had nothing to lose.

17. At all times relevant, Sheriff Hunter had a policy of not allowing guards or other staff at the Columbia County Detention Facility to rescue inmates from violent attacks by other inmates unless there were at least two guards present at the location of the attack—such as, for example, a housing pod.

18. At all times relevant, Sheriff Hunter had a policy of understaffing the Columbia County Detention Facility.

19. At all times relevant, Sheriff Hunter had a policy of staffing the Columbia County Detention Facility in such a way that there were substantial periods of time when only one guard would be present at a housing pod.

20. In May 2021, Sheriff Hunter subjectively knew of a substantial risk of serious harm to nonviolent pretrial detainees from inmate-on-inmate violence at the Columbia County Detention Facility.

21. In May 2021, Sheriff Hunter failed to take reasonable measures to abate that risk.

22. On or about May 5, 2021, Peyton Chase Cleveland was a nonviolent pretrial detainee at the Columbia County Detention Facility.

23. Peyton Chase Cleveland was detained on charges of violation of probation. The probation arose from a case involving drug offenses.

24. At all times relevant, Sheriff Hunter knew that Peyton Chase Cleveland had a problem with substance abuse.

25. On or about May 5, 2021, Peyton Chase Cleveland was in a housing pod with multiple violent, already-sentenced prisoners.

26. On or about May 5, 2021, a large group of inmates, including violent, already-sentenced prisoners, initiated an attack on Peyton Chase Cleveland.

27. At the time of the attack, only one guard, John Doe, was assigned to the area of the housing pod.

28. Peyton Chase Cleveland begged John Doe for assistance.

29. John Doe told Peyton Chase Cleveland he was not permitted to intervene.

30. John Doe allowed the beating to continue.

31. Peyton Chase Cleveland was seriously injured in the beating.

32. On information and belief, Peyton Chase Cleveland was moved to the infirmary but was not treated by a physician.

33. On information and belief, staff of the Columbia County Detention Facility requested that Peyton Chase Cleveland sign documents related to the attack.

34. On information and belief, the staff coerced Peyton Chase Cleveland into signing these documents by giving him a choice between remaining in the infirmary or returning to the housing pod with the inmates who had attacked him. Staff told Peyton Chase Cleveland he could stay in the infirmary only if he signed the documents.

35. Peyton Chase Cleveland was released from detention on May 12, 2021, and went directly to the Lake City Medical Center to be treated for the injuries he sustained in the beating.

36. Peyton Chase Cleveland suffered serious injuries, including a broken nose, as a result of the beating. Peyton Chase Cleveland suffered serious pain and emotional distress as a result of the beating.

37. Peyton Chase Cleveland had made significant progress recovering from his substance abuse problems prior to the beating.

38. The pain and emotional distress caused by the beating, however, caused his substance abuse problem to return.

39. As a result of the pain and emotional distress caused by the beating, Peyton Chase Cleveland took both prescription and nonprescription drugs.

40. On or about June 26, 2021, Peyton Chase Cleveland died from combined drug toxicity.

41. Peyton Chase Cleveland's death from combined drug toxicity was a foreseeable result of the beating he suffered at the Columbia County Detention Facility.

COUNT I

DELIBERATE INDIFFERENCE TO
SUBSTANTIAL RISK OF SERIOUS HARM
UNDER 42 U.S.C. § 1983
AGAINST SHERIFF MARK HUNTER

42. This action is brought under 42 U.S.C. § 1983 to remedy the deprivation under color of state law, of rights guaranteed by the Fourteenth Amendment to the United States Constitution.

43. The plaintiff incorporates the allegations of paragraphs 1 through 41 above.

44. As sheriff of Columbia County, Florida, Sheriff Hunter was responsible in his official capacity for the policies and customs of the Columbia County Detention Facility.

45. Sheriff Hunter acted under color of state law in all matters and at all times material to this action.

46. Pursuant to the Fourteenth Amendment to the United States Constitution, Peyton Chase Cleveland had a right to be free from a substantial risk of serious harm, including violent attacks from other inmates, while in the custody of Sheriff Hunter at the Columbia County Detention Facility.

47. Sheriff Hunter was deliberately indifferent to the substantial risk of serious harm to pretrial detainees in the Columbia County Detention Facility.

48. Sheriff Hunter failed to take reasonable measures to abate the substantial risk of serious harm to pretrial detainees at the Columbia County Detention Facility.

49. Sheriff Hunter maintained policies, including the policies described herein, that created the substantial risk of serious harm to pretrial detainees at the Columbia County Detention Facility.

50. Sheriff Hunter maintained a policy or custom of understaffing the Columbia County Detention Facility such that there were substantial periods of time in which only one guard would be present in the area of a housing pod.

51. Sheriff Hunter maintained a policy or custom of prohibiting guards from rescuing an inmate from violent attacks by other inmates unless there are two guards present in the area of the attack.

52. Sheriff Hunter maintained a policy or custom of housing violent, already-sentenced prisoners together with nonviolent pretrial detainees.

53. Sheriff Hunter was subjectively aware of a substantial risk of serious harm to nonviolent pretrial detainees from attacks by violent, already-sentenced prisoners and other inmates.

54. As a result of Sheriff Hunter's deliberate indifference, Peyton Chase Cleveland was incarcerated in the Columbia County Detention Facility in conditions posing a substantial risk of serious harm.

55. Sheriff Hunter's deliberately indifferent actions and failures to act led to the beating of Peyton Chase Cleveland.

56. The beating of Peyton Chase Cleveland foreseeably led to his death on June 26, 2021.

WHEREFORE, the plaintiff, Alisha Chase Strait, respectfully prays for judgment in her favor and against Sheriff Hunter for compensatory damages, attorney's fees and costs, and such other and further relief as the Court finds just and proper.

## COUNT II

### DELIBERATE INDIFFERENCE TO SERIOUS NEED UNDER 42 U.S.C. § 1983 AGAINST JOHN DOE

57. This action is brought under 42 U.S.C. § 1983 to remedy the deprivation under color of state law, of rights guaranteed by the Fourteenth Amendment to the United States Constitution.

58. The plaintiff incorporates the allegations of paragraphs 1 through 41 above.

59. Defendant John Doe was on duty as a guard at the Columbia County Detention Facility on or about May 5, 2021, when Peyton Chase Cleveland was beaten by other inmates.

60. Defendant John Doe acted under color of state law at all times material to this action.

61. Pursuant to the Fourteenth Amendment to the United States Constitution, Peyton Chase Cleveland had a right to be protected from

violent attacks from other inmates while in the custody of Sheriff Hunter at the Columbia County Detention Facility.

62. On May 5, 2021, John Doe observed a violent attack against Peyton Chase Cleveland by other inmates.

63. John Doe observed Peyton Chase Cleveland begging for help during the attack.

64. John Doe was under a duty to take reasonable actions to stop the attack and protect Peyton Chase Cleveland.

65. John Doe failed to take any actions to stop the attack or to protect Peyton Chase Cleveland.

66. John Doe was deliberately indifferent to Peyton Chase Cleveland's need for protection during the attack.

67. As a result of John Doe's deliberate indifference to Peyton Chase Cleveland's need for protection, Peyton Chase Cleveland suffered serious injuries during the attack.

68. The beating of Peyton Chase Cleveland foreseeably led to his death on June 26, 2021.

WHEREFORE, the plaintiff, Alisha Chase Strait, respectfully prays for judgment in her favor and against John Doe for compensatory damages,

attorney's fees and costs, and such other and further relief as the Court finds just and proper.

## JURY DEMAND

69.     The plaintiff, Alisha Chase Strait, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 on all issues so triable.

DATED: June 23, 2023.

/s/ W. Bradley Russell
W. Bradley Russell
Florida Bar No. 29492
Russell & Russell, Attorneys at Law, P.A.
6550 St. Augustine Road, Suite 305
Jacksonville, Florida 32217
Tel. 904-527-8813
Email: brad@therussellfirm.com

Attorney for Alisha Chase Strait